(Court of Appeal, Parish of Orleans.)

# MRS. ANNA M. SITTLER, etc., vs. MR. AND MRS. ROGER GRIMES.

1. The marriage which has been declared null produces nevertheless its civil effects as relates to the parties and their children, if it has been contracted in good faith.
2. If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the parties.
3. Copies of church records of a foreign country showing baptism, marriage and death which are duly certified to by the proper officials of their country and are accompanied with the certificate of the resident consul of the United States certifying to the genuineness of the signatures of the certifying officials, and that under the law of that country they are authorized to execute such acts, are sufficiently authenticated to be admitted in evidence.

Appeal from Civil District Court, Division "D."

Theo. Cotonio, for Plaintiff and Appellee.

B. R. Forman, for Defendant and Appellant.

MOORE, J. This is the second appeal in this cause.

The former appeal was prosecuted by plaintiff and was from a judgment rejecting her demand as in case of non suit. We set aside that judgment and remanded the cause for further proceeding. Sittler vs. Grimes 1. Court of Appeal Reports .p 282.

On the second trial there was judgment in favor of the plaintiff and from that judgment the defendants appeal.

Our esteemed brother of the District Court has put in writing and filed in the record, a clear and concise statement of the facts of this case and the reasons which influenced the judgment rendered; and a careful study of the record enables us to say that he has correctly appreciated the evidence and properly applied the law, we adopt his opinion and make it the opinion of this Court.

It is as follows:

"This is a contest for the property of Michael Schoeff or

Schiff, who was a bigamist. He was married in his native country, Germany, to Anna Maria Irion, May 29th, 1854. He came to Louisiana, and in 1867 he married Mary Anna Eberhardt, notwithstanding his first marriage was undissolved. She died in 1884 . He then married Mrs. Elizabeth Walker, widow of John Bennis, Feb. 24, 1886, notwithstanding his first marriage was still undissolved. This wife died * * * * * wife No. 1 died Sept. 16, 1889. There was issue of the first marriage, with Anna Maria Irion, one child, called Anna Maria, now the wife of Frederick Sittler, the plaintiff in this case. She was born out of wedlock in 1851, but was acknowledged by her father at the time of her baptism in 1851, and legitimated by the subsequent marriage of her mother and father in the year 1854.

There was issue of the second marriage, with Mary Anna Eberhardt, three children, one of whom, a boy, died during minority. One of, the two remaining children is Mrs. Roger Grimes, the defendant in this case.

There was no issue of the third marriage.

January 30, 1877, the late Michael Schoeff acquired a piece of property in this city, which porperty he attempted to transfer to Mrs. Roger Grimes on Oct. 6, 1899; and which property is the subject of the present litigation. The plaintiff claims that, the property having been purchased during the existence of the community between her mother and father, she is the sole and only owner thereof, as the legitimated heir of her mother and father.

The several marriages of Michael Schoeff will be presumed to have been valid contracts, made in good faith by his several wives, in the absence of any testimony going to show that wives Nos. 2 and 3 knew of the existence of wife No. 1. Although marriages two and three are null, because the first Mrs. Schoeff was alive at the time they were entered into, the law declared: "The marriage which has been declared null produces nevertheless its civil effects as relates to the parties and their children, if it has been contracted in good faith. "G. G. art. 177." "If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor

of the children born of the marriage." *G. G.* 116. As there was no issue of the third marriage, and wife No. 3 is dead, it becomes unnecessary to consider the effects of that marriage in disposing of the case at bar.

Under the regime of the community existing in this State between spouses, the second community was dissolved on the death of Mrs. Schoeff No. 2 in 1884. At that time, the heirs of Mrs. Schoeff No. 2 became the owners of one-half of the community property standing in their father's name. The other half of that community property, under our law, went to the first Mrs. Schoeff as her interest in the community, thus depriving Michael Schoeff of his entire property. *Patton et al vs. Cities of Philadelphia and New Orleans* 1 *Ann.*, 98 *and* 106; *Abston et al vs. Abston et al* 15 *Ann.*, 137; *Hubbell et al vs. Inkstein* 7 Ann., 252; Succession of Navarro 24 Ann., 298; Succession of Taylor 39 Ann., 827.

The attempted transfer of the property by Michael Schoeff to Mrs. Roger Grimes, is therefore null and void, for the reason that at the time of said transfer, in October, 1899, Michael Schoeff was not the owner of said property. The one-half thereof going to Mrs. Schoeff No. 1 has been inherited by the daughter of the first marriage ,the plaintiff in this case, and she is entitled to recover same.

The defendant in this case has reconvened and claimed the sum of $463,88 for various items stated in her answer. On the trial of the case, objection was made to any evidence going to support the claim for nursing, funeral expenses, and the like, on the ground that the same had already been passed upon in the Succession of Michael Schoeff, No. 63,126 on the docket of this Division of the Court. The judgment in that case against the Succession of Schoeff and in favor of Roger Grimes, in the sum of $111,00, and is final. It disposes of the same claim in this reconventional demand.

There was also claimed in the reconventional demand, taxes, insurance, and repairs on the property, amounting to $32.88, which have been proved. In addition thereto, the taxes and insurance for the present year, amounting to $15,00 are proved

to have been paid; and defendant is entitled to recover against plaintiff one half of said amount, with interest.

The evidence shows that Mr. Grimes, the defendant, has collected rent from the property involved, since he became the purchaser, in the sum of $207.00, one-half of which goes to the credit of the plaintiff in this suit."

Judgment was therefore rendered in plaintiff's favor declaring her to be and recognizing her as the owner of the one undivided half of the property described in the petition and sending her into possession of same and adjudging her entitled to one half of the rents and revenues collected by defendants.

The appellants press on our consideration a ruling of the trial judge, permitting the plaintiff, over defendant's objection, to offer, *in globo,* all the documentary evidence which had been offered, and received in evidence, on the former trial.

Whilst this method of offering the documents in evidence was not regular, nevertheless, as all these documents *had* been previously offered and received in evidence and were, therefore, familiar to defendants' counsel; as they were offered subject to all the objections and rulings previously made and bills reserved; and as the offer *in globo* did not, and could not preclude, or prevent objections from being again made to their admissibility, we cannot see what cause for complaint can exist. Appellant's do not complain that they have been injured or deprived of any rights by the offer made in this manner.

So also do they complain of the ruling of the trial judge in receiving in evidence a copy of the Baptismal certificate from the church records of the Evangelical Community of Willstaelt in the Grand Duchy of Baden, Empire of Germany; a copy of a marriage of Michael Schoeff to Anna Maria Irion; and to a copy of a death and burial certificate from the municipal records of Willstaelt, on the ground that as there is no evidence of the genuiness of the signatures of the parties who signed the original church and municipal records and the witnesses thereto, the said documents could not be received in evidence.

The certificate of baptism and marriage purport to be copies of certificates from the church records at Willstaelt and are only certified to be such copies by the assistant judge at the Grand

Ducal Court at Kehl, Grand Duchy at Baden, Empire of Germany, and the certificate of death and burial purports to be a copy from the municipal records of the town of Willstaelt, certified to be such by the mayor of the said town, and all three have annexed thereto certificates from the United States Counsel stationed at Kehl, that the signatures of the certifying officials are genuine and that by law the said officials are authorized to execute such acts.

In our opinion these documents were properly authenticated and were properly receivable in evidence.

Suc. of Weddenburn 1 R. 263; Ibid 270; Ibid 271.

Pending this appeal the appellee sued out a rule in the trial Court to test the solvency of the surety on the appeal bond, and prayed that in the event it should be held that the surety is good and solvent the amount of the appeal bond be increased. The lower judge made the rule absolute to the extent, only, that the bond for a devolutive appeal be increased to the sum of one hundred and fifty dollars.

From this judgment the plaintiff apppealed and that appeal being No. 4000 of the docket of this Court, was by us ordered consolidated with this appeal. The trial judge was satisfied as to the solvency of the surety and so are we; and as the defendants appeal is prosecuted as a *suspensive* appeal for which a bond accordingly was given, the judgment of the lower Court on the rule will be maintained at the cost of the plaintiff.

It is therefore ordered, adjudged and decreed that the judgment rendered on the 31st day of January, 1906, and signed on the 6th Feby., 1906, being the judgment on the merits of the cause be and the same is hereby affirmed at the costs of the defendant's and appellants; and it is further ordered, adjudged and decreed that the judgment on the rule to test the solvency of the surety on the bond be and the same is hereby affirmed, the costs of both Courts so far as concerns the trial of this rule and the appeal from the judgment therefrom, be paid by the plaintiff.

May 14th, 1906.

Rehearing refused May 28, 1906.